# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 923 - 1 | **DATE** | 2/5/2002 |
| **CASE TITLE** | United States vs. Glen Young | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Report and Recommendation is hereby submitted to Judge Bucklo recommending that defendant's motion to quash arrest [17-1] and suppress evidence [17-2] be denied for the reasons stated in the attached Report and Recommendation. Specific written objections to this report and recommendations may be served and filed within 10 business days from the date this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with theDistrict Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendations. Lorentzen vs. Anderson Pest Control, 64F.3d 372,330 (7th Cir. 1995). All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2002 date docketed | 31 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| ✓ | Copy to judge/magistrate judge. | 02 FEB -5 PM 1:49 | 2/5/2002 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 CR 923-1 |
| | ) | |
| GLEN YOUNG | ) | Hon. Elaine E. Bucklo |
| | ) | Magistrate Judge Michael T. Mason |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The District Court has referred this case to this Court for Report and Recommendation on defendant Glen Young's Motion to Quash Arrest and Suppress Evidence. The motion raises the issues of whether there was probable cause to arrest the defendant and whether the evidence in the case – specifically a weapon – was lawfully obtained. This Court conducted an evidentiary hearing on February 1, 2002. After carefully considering the sworn testimony of the sole witness, Officer Mike Marozas, defendant's sworn affidavit, briefs submitted by both parties and the police report from the night in question, we find that Officer Marozas' testimony is credible, and that defendant's affidavit – which merely denies the events described by Officer Marozas – lacks credibility. The following constitutes our findings of fact and conclusions of law in which we respectfully recommend that the District Court deny defendant's motion, finding that there was probable cause to arrest defendant and that the evidence in question was lawfully obtained.

DOCKETED FEB 06 2002

**Findings of Fact**

In the late evening of April 20, 2001, two Chicago Police Officers, Officer Marozas and Officer Maras, were on routine patrol when a citizen informed them that two men in the alley behind 7835 S. Constance had a gun. Upon receipt of that information, the officers drove to the alley in question and Officer Marozas set up surveillance.

While monitoring the area, Officer Marozas saw the defendant holding a handgun and pointing it at various objects including a trash can, garage door, and light pole. Because a red dot of light appeared on each object the defendant aimed at, the officer could tell it was equipped with a laser sighting device and that the defendant was activating the laser sight. Officer Marozas informed Officer Maras about what he had seen and the two officers approached defendant and his companion, who were standing in the alley in front of an open garage.

As the officers approached defendant, they announced that they were police and that the two men should stand still. Defendant fled into the open garage, which corresponded to 7835 S. Constance, and the officers gave chase. As defendant fled, Officer Marozas observed him throw the weapon he had been holding under a car in the garage. At that point Officer Marozas was eight to ten feet away from defendant and could clearly see defendant and the weapon. The officer then entered the garage and seized defendant, taking him to his unmarked police car and placing him under arrest. Officer Marozas then directed Officer Maras to the exact location he had seen the defendant throw the gun; Officer Maras recovered the weapon from precisely where Officer Marozas said it would be under the car. The weapon was later identified as a

2

Smith & Wesson semi-automatic 9mm handgun equipped with a laser sighting devise and thirteen live rounds of ammunition. The officers did not have an arrest warrant when they arrested defendant.

**Legal Analysis**

An arrest may be effectuated with probable cause but without a warrant when committed in the presence of a police officer. *United States v. Watson*, 423 U.S. 411, 418 (1976). "Probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' " that a crime has been committed. *Texas v. Brown*, 460 U.S. 730 (1982). "Probable cause exists when at the moment an arrest is made officers have 'facts and circumstances within their knowledge and of which they [have] reasonable trustworthy information' that would sufficiently 'warrant a prudent [man] in believing that the [suspect] had committed or was committing the offense.'" *United States v. Muhammad*, 120 F.3d 688, 696 (7th Cir. 1997) quoting *Beck v. Ohio*, 397 U.S. 89, 91 (1964).

The officers in this case had probable cause to arrest defendant. Officer Marozas testified that while on duty as a Chicago Police Officer, he observed defendant in possession of a semi-automatic handgun equipped with a laser sighting device. The officer also observed defendant point the handgun at several objects and activate the laser sight. Defendant is charged with possession of a firearm while a felon and Officer Marozas' testimony that he saw defendant with a firearm is sufficient to establish probable cause for the arrest. *See United States v. Sawyer*, 224 F.3d 675 (7th Cir. 2000).

Additionally, Officers Marozas and Maras were justified in following defendant into his garage to seize him and the weapon he discarded there. A warrantless entry into a private place to make an arrest is justified when police are in "hot pursuit" of a suspect. *United States v. Santana*, 427 U.S. 38, 43 (1976). Hot pursuit is an exigent circumstance and provides an exception to the fourth amendment requirement that police officers obtain a warrant prior to a search or seizure. *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995). Furthermore, once a person has been arrested, a search incident to the arrest is justified and any evidence produced from the search is lawfully obtained and admissible. *United States v. Santana*, 427 U.S. 38, 43 (1976).

Officer Marozas observed defendant with a semi-automatic handgun in a public alley. Once the officers announced their office and defendant fled into his garage, requiring the police to chase him, the officers were in "hot pursuit" of defendant. While in hot pursuit of the defendant, Officer Marozas saw him throw the weapon under a car in the garage. Officer Maras made a search incident to defendant's arrest to locate the gun after officer Marozas seized and arrested defendant.

**Conclusion**

This Court recommends that the District Court DENY defendant's motion to quash arrest and suppress evidence because the officers had probable cause to arrest defendant after they observed him activating the laser sighting device on a semi-automatic handgun in a public alley and because the handgun was obtained in a search incident to defendant's arrest. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District

Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: February 5, 2002**